**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN SOCIETY OF HOME INSPECTORS, INC., a New York Corporation, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| MARK D. JOHNS, a Michigan citizen | ) | |
| and AMERICAN HOME INSPECTIONS, | ) | |
| INC., a Michigan corporation; | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, American Society of Home Inspectors, Inc. ("ASHI"), by and through its undersigned counsel, and for its Complaint against Defendants Mark D. Johns and American Home Inspections, Inc. (collectively "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.     This is an action against Defendants for trademark infringement, false designation of origin, and unfair competition.

## PARTIES

2.     Plaintiff is the American Society of Home Inspectors, Inc. ("ASHI"), a New York not-for-profit corporation and a foreign corporation registered in the State of Illinois with its principal place of business located at 932 Lee Street, Des Plaines, Illinois 60016.

3.     Defendant is Mark D. Johns, on information and belief a Michigan citizen and an adult individual with a business address at 1591 West Center Avenue, Suite 107, Portage, Michigan.

-1-

4.      Defendant is American Home Inspections, Inc., a Michigan Domestic Profit Business Corporation, located at 1591 West Center Avenue, Portage, Michigan, 49024. At all relevant times hereto, American Home Inspections, Inc. was acting by and through its servants, agents and employees within the course and scope of their employment and authority.

**COUNT I**
**FALSE DESIGNATION OF ORIGIN**
**UNDER SECTION 43 (A) OR THE LANHAM ACT**

5.      This is an action for false designation of origin and unfair competition pursuant to Section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a). This Court has jurisdiction under 15 U.S.C. §1121, 15 U.S.C. §1125 (a) and 28 U.S.C. §§1131 and 1338 (a). This Court also has jurisdiction of the action under 28 U. S. C. §1332, as there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs. Venue is proper in this District under 28 U.S.C. §1391.

6.      Plaintiff, ASHI, is a non-profit New York State corporation, whose approximately 6,000 members are independent home inspectors across the United States and Canada - including members and a Chapter located in Michigan and surrounding states.

7.      ASHI was founded in 1975 and has grown in size and reputation over the years. For example, ASHI has a good working relationship with the U. S. Department of Housing and Urban Development for the promotion of home inspections among those home buyers applying for FHA and VA mortgages. ASHI created the industry's first Standards of Practice and Code of Ethics, both of which are highly respected to this day.

8.      ASHI owns the following active United States Trademarks, all in good standing:

a. ASHI Logo - Registration Number 4596978

b. American Society of Home Inspectors - Registration Number 1195967

c. ACT – Registration Number 3878914

d. ASHI - Registration Number 1195966

e. ASHI - Certified Inspector - Registration Number 3878917

f. ASHI American Society of Home Inspectors Certified Inspector - Registration Number 4170509  Ex. 1.

9.	ASHI also owns many other active U. S. Trademarks using the words ASHI and the American Society of Home Inspectors.

10.	ASHI began using and phased in these Marks since its inception in 1975 to identify its collective membership mark for itself and for its members.

11.	ASHI's above described marks have been used in advertising, promotional materials, educational events, business cards and in other ways customary in the trade to identify ASHI and its members as the source of the home inspection services.

12.	For more than 40 years, ASHI and its members have been continuously using the Mark ASHI and related Marks in connection with professional home inspection services. During this period, ASHI's Mark and reputation and those of its members have continuously grown throughout the home inspection industry and are now well known throughout the Michigan area and elsewhere in the United States as industry source of ASHI and ASHI member services.

13.	Over the years, ASHI and its members have spent a considerable amount of money advertising and promoting the Mark to establish the Mark "ASHI" and "ASHI Certified Inspectors" in the minds of consumers as a source of high quality services.

14.	Becoming a Certified Member of ASHI (ASHI's highest level of membership) requires passing of an independently developed and administered written examination, a commitment to performing inspections using ASHI's Standards of Practice and Code of Ethics, taking a required amount of continuing education, and performing at least 250 fee-paid home

-3-

inspections. In addition, ASHI's certification program has been formally recognized by a third party independent certifying organization.

15. Defendants have a home inspection business as identified in paragraphs 3 and 4 above.

16. Defendants have been using the ASHI Marks to claim membership in ASHI and as a Certified ASHI Member without a written consent, and/or consent or a license from ASHI. In fact, Mark Johns' membership in ASHI lapsed in 2008 for failure to pay dues. Moreover there is no company membership in ASHI.

17. ASHI, through its counsel, has twice requested in writing that Defendants cease using the mark ASHI to identify its qualifications and services. To date, Defendants are still using the mark ASHI and ASHI Certified Member - despite agreeing in writing not to do so. Attached hereto as Exhibit 2 is a true and correct copy of one of the Defendants' public violations.

18. Defendants' use of the mark ASHI and ASHI Certified Inspector is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services by Plaintiff.

19. Defendants' use of the Plaintiff's "ASHI Certified Inspector" Mark, and Defendants also use the Mark "Certified ASHI Member," constitutes a false designation of origin which is likely to deceive and has deceived customers and prospective consumers in the State of Michigan and elsewhere throughout the United States into believing that Defendants' services are that of the Plaintiff, that the Defendants are members of ASHI, and as a consequence, is likely to divert and has diverted consumers away from Plaintiff's members.

-4-

20.     Defendants' false designation of origin and acts of unfair competition have caused and are continuing to cause irreparable injury to ASHI's reputation which the Plaintiff has established over the years and unless the use of the Mark ASHI and ASHI Certified Member by Defendants is enjoined, Defendants will continue these acts to the detriment of the Plaintiff.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT

21.     ASHI hereby incorporates by reference paragraphs 1-20 as if fully set forth herein.

22.     This is an action for trademark infringement and arises under the common law. This cause of action is separate and independent of the cause of action set forth in Count I, but is between the same parties and is based on the same operative facts as set forth in Count I. This Court has jurisdiction over this action under 28 U.S.C. §1332, as there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs. The Court also has pendent jurisdiction over this Count II pursuant to 28 U.S.C. §1338 (b). Venue is proper in this District under 28 U.S.C. §1391.

23.     Plaintiff, as set forth in the paragraphs above, owns and uses the ASHI Marks in various forms and styles in connection with its services.

24.     Plaintiff owns and enjoys common law rights in Michigan and throughout the United States in and to the mark "ASHI" and "ASHI Certified Inspector" in connection with performing home inspections by its members which are superior to any rights which Defendants may claim in and to said Marks in any form, style or like variation thereof with respect to performing home inspections.

25.     The use of the Mark "ASHI" and "ASHI Certified Inspector" in connection with home inspections by Defendants in Michigan and elsewhere throughout the United States is likely to cause and has caused confusion as to source of the services in that purchasers will be likely to associate or have associated such services with and as originating with the Defendants, all to the detriment of the Plaintiff.

**COUNT III**
**VIOLATION OF THE MICHIGAN UNLAWFUL TRADE PRACTICES ACT**

26.     ASHI hereby incorporates by reference paragraphs 1-25 as if fully set forth herein.

27.     This is an action for unlawful methods of competition and deceptive or misleading acts and practices in the conduct of Defendants' trade in violation of the Michigan Unlawful Trade Practices (445.101 - 445.104).

28.     This cause of action is separate and independent of the cause of action set forth in Count I, but is between the same parties and is based on the same operative facts as set forth in Count I. Pendent jurisdiction of this Court for Count III is therefore present pursuant to 28 U.S.C. §1338 (b). Venue is proper in this District under 28 U.S.C. §1391.

29.     Defendants' use of the Marks "ASHI" and "ASHI Certified Inspector" in connection with performing professional home inspections has misled, deceived and misrepresented consumers that its services have a source, sponsorship, approval from that of Plaintiff.

30.     By committing the acts herein alleged, Defendants have been guilty of unlawful trade practices in the conduct of its trade with the State of Michigan in violation of the Michigan Unlawful Trade Practices Act causing Plaintiff and Plaintiff's members damages and loss of

profits. Defendants' unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.

31.     The conduct of Defendants has occurred in, continues to occur in and has caused damage to Plaintiffs in this District and elsewhere.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A.      The Defendants and their agents, servants, employees, attorneys and all in active concert and/or participation with it be restrained through permanent injunctive relief, from using the Mark ASHI and ASHI Certified Inspector and the other Marks set forth in paragraph 8 or any other colorable imitation thereof in connection with home inspections.

B.      That Defendants and their agents, servants, employees, attorneys and all in active concert and/or participation with it be restrained through permanent injunctive relief, from engaging in unfair competition or false designation of origin with the Plaintiff. 15 U.S.C. §1116.

C.      That Defendants and their agents, servants, employees, attorneys and all in active concert and/or participation with it be directed to account and pay over to the Plaintiff all gains, profits and advantages by them and others acting with them from the offering and performing under the mark ASHI and ASHI Certified Inspector or any other colorable imitation thereof.

D.      That Defendants and their agents, servants, employees, attorneys and all in active concert and/or participation with them be directed to account for its profits and pay to the Plaintiff all damages suffered by the Plaintiff, including interest, as a result of Defendants' use of the Mark ASHI and ASHI Certified Inspector and as a result of false designation of origin and unfair competition with the Plaintiff. 15 U.S.C. §1117.

E.      That all damages in relation to false designation of origin are trebled. 15 U.S.C. §1117.

F.      That this Court award Plaintiff the costs of this action, pre and post- judgment interest, and reasonable attorneys' fees and expenses;

G.      That Defendants and all others acting in concert with it be directed to deliver up for destruction all advertisements and other materials and things bearing the Marks "ASHI", "ASHI Certified Inspector", and/or the "American Society of Home Inspectors," or any colorable imitation thereof. 15 U.S.C. §1118.

H.      Grant Plaintiffs such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

AMERICAN SOCIETY OF HOME
INSPECTORS, INC.

Dated: August 18, 2016          By:     _____/s/_____ Timothy M. Schaum_____
                                        One of Their Attorneys

Timothy M. Schaum
Daspin & Aument LLP
227 W. Monroe Street
Suite 3500
Chicago, IL 60606
312-258-1600
tschaum@daspinaument.com

-8-